UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY AND BROTHER AUTO SALES, et al., | Case No.:  25-cv-0921-LL-MMP |
| Plaintiffs, | **ORDER DENYING JOINT MOTION TO CONTINUE** |
| v. | [ECF No. 17] |
| MERCEDES-BENZ USA, LLC, | |
| Defendant. | |

On June 20, 2025, the Court issued a Scheduling Order Regulating Discovery and Other Pretrial Proceedings ("Scheduling Order"). ECF No. 8. In relevant part, the Court set a deadline to complete fact discovery of November 21, 2025, an expert designation deadline of December 19, 2025, a rebuttal expert designation deadline of January 9, 2026, and a deadline to serve all expert disclosures required by Federal Rule of Civil Procedure ("Rule") 26(a)(2) of February 6, 2026. *Id.* ¶¶ 4, 5, 6. All these deadlines have passed.

On February 10, 2026—over 80 days after the fact discovery cutoff already expired—the parties filed the instant joint motion requesting to continue numerous deadlines including (i) the fact discovery cut off, (ii) designation and rebuttal designation of experts, (iii) expert disclosures and rebuttal reports, and (iv) the expert discovery cutoff.

25-cv-0921-LL-MMP

ECF No. 17.[1] The parties acknowledge the June 20, 2025 Scheduling Order sets forth the deadlines at issue and further concede "[t]his is the Parties' first request for a continuance of *any* discovery deadlines." *Id.* at 2 (emphasis in original). The parties contend good cause exists because "Plaintiffs' [sic] wish to take the deposition of MBUSA's Person Most Knowledgeable" who is first available to sit for deposition on March 17, 2026 and the parties have agreed to this deposition date. *Id.* The parties further represent Defendant served written discovery on October 17, 2025, "Plaintiffs provided objection-only responses to such requests on November 17, 2025[,]" and Defendant "requests a continuance of the fact discovery cut-off so that it can issue set-two of written discovery requests to Plaintiffs." *Id.*

## I.      LEGAL STANDARD

Rule 16(b)(4) provides a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also* Scheduling Order, ECF No. 8 ¶ 17 ("The dates and times set forth herein will not modified except for good cause shown."). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citation modified). "If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." *Id.* (citation modified).

"In addition to being required to establish good cause, a party moving to extend time after a scheduling order deadline has passed must demonstrate excusable neglect." *LaNier v. United States*, No. 15-cv-360-BAS-BLM, 2017 WL 951040, at *2 (S.D. Cal. Mar. 10,

---

[1] Two deadlines have not passed. The deadline to serve contradictory or rebuttal expert reports is March 6, 2026, and the deadline to complete expert discovery is April 3, 2026. ECF No. 8 ¶¶ 6–7. Designation and disclosure of experts is a precondition of both remaining deadlines.

2017) (citation omitted); *see also* Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect."). Thus, when the scheduling order deadline has passed, the moving party must establish both good cause *and* excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B); *LaNier*, 2017 WL 951040, at *2. A "determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000). The weight of these factors is left to the court's discretion. *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004).

## II.   ANALYSIS

The parties seek to continue numerous expired deadlines. Specifically, the fact discovery deadline expired on November 21, 2025; the expert designation and rebuttal deadlines expired on December 19, 2025 and January 9, 2026, respectively; and the expert disclosure deadline expired on February 6, 2026. *See* ECF No. 8. Yet nowhere in the parties' joint motion do they acknowledge or inform the Court that the deadlines they seek to continue have already passed. Nor do the parties acknowledge or address the applicable excusable neglect standard. The parties also did not file a declaration from counsel or provide other contents required by the Court's Civil Chambers Rules VIII and IX.

What's more, the parties do not show good cause for continuance. The parties provide no information in their joint motion as to their purported diligence, either before or after the deadlines expired. To the contrary, the joint motion identifies two purported reasons to extend the deadlines: (1) for Plaintiffs to take the deposition of Defendant pursuant to Rule 30(b)(6) and (2) for Defendant to serve further written discovery on Plaintiffs. ECF No. 17 at 2. Yet the joint motion fails to provide any other information of the parties' efforts in discovery, e.g., if and when Plaintiffs noticed Defendant's deposition and any prior or subsequent meet and confer efforts between the parties related to the

deposition. Likewise, the joint motion fails to identify what efforts, if any, Defendant made since receiving Plaintiffs objections to the first set of written discovery on November 17, 2025. Further, the parties provide no information whatsoever on their efforts, if any, to comply with expert designations or disclosure deadlines.

The parties do not establish good cause or excusable neglect to warrant a continuation of the requested deadlines. Rather, this is a situation where deadlines came and went, and the parties now retroactively seek to correct the error. Instead of acknowledging the current circumstances, however bleak, and applicable law, they try to pull the proverbial wool over the Court's eyes. Even if the parties were not diligent in tracking deadlines, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. Further, the parties' approach lacked candor. *United States v. Associated Convalescent Enters., Inc.*, 766 F.2d 1342, 1346 (9th Cir. 1985) ("An attorney does not simply act as an advocate for his client; he is also an officer of the court. As such, an attorney has a duty of good faith and candor in dealing with the judiciary."). The parties are reminded of their duty of candor to the Court and will be ordered to show cause for any further lack of candor.

## III.  CONCLUSION

For the foregoing reasons, the Court **DENIES** the joint motion. The parties must comply with all court ordered dates and deadlines. ECF Nos. 8, 16.

**IT IS SO ORDERED**.

Dated:  February 13, 2026

HON. MICHELLE M. PETTIT
United States Magistrate Judge

4

25-cv-0921-LL-MMP